UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JPMorgan Chase Bank,**

      **Plaintiff,**         **CIVIL ACTION NO. 09-12313**

      **vs.**         **DISTRICT JUDGE ARTHUR J. TARNOW**

**Benefit Documents, Inc., et al,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff JPMorgan Chase Bank, NA's verified ex parte motion for proceedings supplementary to judgment against Defendants Benefit Documents, Inc. and Jeffrey Emery. (Dkt. 27.) The district court referred the motion to this Court for determination pursuant to 28 U.S.C. § 636(b)(1)(A).[1] The Court has reviewed the pleadings and finds that oral argument would not aide in its resolution of the case; it therefore dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and decides the motion on the briefs. For the reasons stated below, the Court recommends that the district court grant JPMorgan's motion with limitations as described within.

---

[1] Although the district court referred this matter under 28 U.S.C. § 636(b)(1)(A), "[p]ost-judgment objections to garnishment are not pretrial matters, and therefore a [m]agistrate [j]udge who is referred these matters must proceed by [r]eport and [r]ecommendation pursuant to 28 U.S.C. § 636(b)(1)(B)." *Helfman v. GE Grp. Life Assurance Co.*, No. 06-13528, 2011 WL 1457740, at *1, n 1 (Majzoub, Mag. J.) (citing *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D.Mich. 2003) (discussing how a magistrate judge must issue a report and recommendation rather than an order and opinion on a writ of garnishment, because a writ of garnishment is not a pre-trial matter). Because this motion is a post-judgment motion akin to a writ of garnishment, and not covered by 28 U.S.C. § 636(b)(1)(A), the Court issues this report and recommendation instead, in accordance with Federal Rule of Civil Procedure 72(b).

**I.    Facts**

    **A.    Background**

On June 16, 2009, JPMorgan filed a suit against Benefit Documents and Emery. (Dkt. 1, Compl.)  JPMorgan alleged that the suit arose out of its banking relationship with Defendants–JPMorgan stated that it issued a non-revolving line of credit to Benefit Documents in exchange for promissory notes, security agreements, and guaranties executed by Defendants to secure repayment of the loan amount. (Compl. ¶ 6.) JPMorgan alleged that Defendants ultimately defaulted on their repayment obligations. (*Id.*, ¶¶ 17, 18.) JPMorgan stated that it accelerated the amount owing, as provided for in the loan documents, and then demanded payment. (*Id.*, ¶¶ 20, 22.) The total amount JPMorgan alleged Defendants owed was $116,966.41. (*Id.*, ¶ 20.) JPMorgan alleged that Defendants had failed to pay the amounts owing; it then filed suit to recover that amount.

In its complaint, JPMorgan asserted various causes of action against Defendants. After Defendants filed a motion to dismiss and JPMorgan responded, the parties settled their dispute. (Dkt. 16, Order of Dismissal.)  The parties filed a consent judgment. And the district court signed and entered the judgment. (Dkt. 17, Consent J.)

The December 13, 2010 consent judgment required Defendants to jointly and severally pay JPMorgan the owed amount, $116,966.41, minus settlement payments received, but with interest accruing. (*Id.*)

On February 15, 2011, JPMorgan requested and was granted several writs of garnishment for Emery's income taxes refund and income. (Dkt. 21, 22.)

On May 25, 2011, JPMorgan filed this motion to recoup some of the amount owed under the

consent judgment. JPMorgan has alleged that Defendants "have made no voluntary payments to satisfy that obligation" and requests that the Court assist it in collecting upon the consent judgment. (Pl.'s Mot. at 1.)

**II.** **Analysis**

**A.** **JPMorgan is entitled to the aid in enforcing the judgment that it seeks**

JPMorgan argues that both federal and state law empower it to seek the Court's aid to enforce a judgment. JPMorgan is correct. Federal Rule of Civil Procedure 69 governs execution of judgments. That rule states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located[.]

Fed.R.Civ.P. 69(a)(1). That rule also allows a party attempting to enforce a judgment to obtain discovery in aid of executing that judgment. Fed.R.Civ.P. 69(a)(2).

In Michigan, court rules and statutes govern supplementary proceedings to enforce judgments. See Mich.Comp.Laws § 600.6101 et seq., Mich.Ct.R. 2.621(A)(2), *Miko Enter., Inc. v. Allegan Nursing Home, LLC*, No. 09-988, 2010 WL 148659, at *4 (W.D.Mich. Jan. 12, 2010) (Quist, J.). Michigan Compiled Law 600.6104 provides:

> After judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding:
>
> (1)   Compel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him;
>
> (2)   Prevent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor;
>
> (3)   Order the satisfaction of the judgment out of property, money, or other things

        in action, liquidated or unliquidated, not exempt from execution;

(4)    Appoint a receiver of any property the judgment debtor has or may thereafter acquire; and

(5)    Make any order as within his discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

Michigan statutes also give a court the power to order a judgment debtor or third person to submit to an examination under oath and produce any information or documents in "his or its possession or control which have or may contain information concerning the property or income of the debtor." Mich.Comp.Laws § 600.6110(1).  And a court may restrain the judgment debtor from transferring, disposing, or interfering of any property that may be subject to the judgment. Mich.Comp.Laws § 600.6116(1).

      JPMorgan argues that it needs post-judgment discovery to enforce the consent judgment. (Pl.'s Mot. at 4.) JPMorgan states that Defendants "have not taken steps to satisfy the [j]udgment, nor have they contacted [JPMorgan] to make arrangements to do so[.]" (*Id.*) This failure, JPMorgan "fears," shows that Defendants "do not intend to voluntarily meet their obligations" and that they will dispose of their assets. (*Id.*) So JPMorgan requests that the district court hold a creditor's examination and issue an order restraining Defendants from disposing of any property that may satisfy the consent subject, not exempted by law. (*Id.*)

      Defendants state that they have made several payments toward the consent judgment. (Defs.' Resp. at 1.) Defendants further state that the parties are disputing whether Defendants have been properly credited for payments that they have made on the judgment. (*Id.*)

      JPMorgan counters that, even if Defendants had made payments, Michigan's supplemental

proceeding statute provides that, "[a] proceeding under this chapter may be maintained until the judgment is satisfied, vacated, or barred by the statute of limitations." Mich.Comp.Laws § 600.6101.

The Court agrees with JPMorgan. Federal and Michigan statutes allow JPMorgan to enforce a judgment by means of a motion such as this one. Those statutes also provide for the aid that JPMorgan requests:

- that Defendants be prohibited from "taking action to transfer, encumber or dispose of, or place outside this Court's jurisdiction, property [that] is not exempt by law from application to the satisfaction of the [consent judgment;]

- that the Court require Defendants to appear and testify at deposition as to their financial condition, and produce relevant documents;

- that the Clerk of the Court issue writs of garnishment and/or requests and orders to seize property, as allowed by law; and

- that the Court continue supplementary proceedings as JPMorgan may, from time to time, request further relief in aid of execution as allowed by law.

The Court therefore recommends that the district court grant JPMorgan's motion, with the suggested limitations, and:

- prohibit Defendants from transferring, encumbering, or disposing of, or placing outside of the district court's jurisdiction, property that is not exempt by law, that can satisfy the consent judgment;

- order Defendants to appear and testify at a mutually agreed upon time and place with JPMorgan as to Defendants' financial condition, and produce relevant documents;

- direct that the Clerk of the Court issue writs of garnishment and/or requests and order to seize property, as allowed by, and in accordance with, law; and

- allow the parties to seek further supplementary proceedings as allowed by law.

The Court also recommends that the district court order that the parties conduct their depositions and

5

production of documents within 45 days of the district court's ruling upon this report and recommendation and not hold an examination hearing, if required, until after JPMorgan has deposed Defendants. The Court recommends that the district court also order Defendants to produce documents relevant to their financial situation 15 days before any scheduled deposition.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this report and recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this report and recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 20, 2010			s/ Mona K. Majzoub
						MONA K. MAJZOUB
						UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

     I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: September 20, 2011			s/ Lisa C. Bartlett
						Case Manager