UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMORGAN CHASE BANK, NA,　　　　　　　　　Case No. 09-12313

　　　　　　Plaintiff,　　　　　　　　　　　　　　　HONORABLE ARTHUR J. TARNOW
v.　　　　　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

BENEFIT DOCUMENTS, INC., ET AL.,　　　　　　HONORABLE MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
　　　　　　Defendants.
_____/

### ORDER OVERRULING DEFENDANTS' OBJECTION [33], ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [32], AND GRANTING PLAINTIFF'S MOTION [27] WITH LIMITATIONS

Before the Court is the Magistrate Judge's Report and Recommendation [32]. The Report and Recommendation (R&R) recommends that Plaintiff's Motion for Proceedings Supplementary to Judgment [27] should be granted with specified limitations. Defendants filed an Objection [33] to the R&R. Plaintiff filed a Response [34].

Defendants raise two objections to the R&R: 1) that there is a dispute as to how much has been paid by Defendants towards the settlement; and 2) that the restrictions in the R&R are overly broad. Obj. [33], at 1-2. The Court disagrees and overrules Defendants' objections.

As to the first objection, Defendants argue that there is a genuine dispute between the parties as to the amount that is still owed towards the settlement. Defendants also request that the Court hold a hearing to resolve the alleged dispute before "any draconian and restrictive orders are issued . . . ." Obj. [33], at 1.

First, as Plaintiff has noted in its Response [34], the amount of payments that have been made is immaterial at this point when it is undisputed that the judgment has not been satisfied. *See* Resp. [34], at 1. Plaintiff is entitled to seek the Court's assistance in executing a judgment. *See*

MCL 600.6104. Second, Defendants' mere conclusion that a dispute exists, without specific allegations or evidence, is insufficient to warrant a hearing at this time. Third, Defendants have failed to provide any explanation to support the conclusion that the Magistrate Judge's proposed restrictions are "draconian." Defendants' first objection is, therefore, overruled.

As to the second objection, Defendants argue that the proposed restrictions are overly broad because they would preclude Defendants from spending funds on normal living expenses. Obj. [33], at 2. Plaintiff has agreed with Defendants that the proposed restrictions "should not prevent Defendants from buying groceries, transacting business, paying bills or taking care of expenses in the ordinary course." Resp. [34], at 3. The Court does not find it necessary to further clarify the Magistrate Judge's proposed restrictions, as there is no dispute regarding this issue. Defendants' second objection is also overruled.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objection [33] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [32] of the Magistrate Judge is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion [27] is **GRANTED** with the limitations specified by the Magistrate Judge.

**SO ORDERED**.

Dated: January 26, 2012

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR U.S. DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

I hereby certify on January 26, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 26, 2012: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182